IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FRANK B. McGINNIS,

                        Plaintiff,

    v.

JOHN W. MITCHELL, N. LONG,
B. LEFEBVRE and P. HUTZLER,

                        Defendants.

OPINION AND ORDER

11-cv-472-slc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Frank B. McGinnis has filed a proposed complaint under 42 U.S.C. § 1983, accompanied by an initial partial payment of the filing fee, in accordance with 28 U.S.C. § 1915(b)(1). Because plaintiff is a prisoner, I must screen the complaint to determine whether it states a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2) and 1915A. Having reviewed the complaint, I conclude that it must be dismissed because it does not comply with Federal Rule of Civil Procedure 8.

      Under Rule 8, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that "the complaint must describe

---

[1] I am exercising jurisdiction over this case for the purpose of this order.

1

the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>EEOC v. Concentra Health Services, Inc.</u>, 496 F.3d 773, 776 (7th Cir. 2007).  Plaintiff's complaint does not comply with this rule because he has not included *any* description of his claims.  Rather, his complaint is simply a list of conclusory phrases: "unsanitary conditions," "insufficient ventilation," "denied doctor prescribed meds and medical treatment."  That is not sufficient.

Plaintiff's complaint should contain short and plain statements, made in numbered paragraphs, explaining what happened to him to make him believe his rights were violated, when it happened, who did it and what he wants the court to do about it.  In other words, plaintiff should write his complaint as if he is telling a story to someone who does not know anything about his situation. In addition, plaintiff must take care to explain what each defendant did to violate his rights.  Plaintiff cannot simply describe a deprivation he suffered or a problem that he has.  Rather, he must identify a particular defendant or multiple defendants who violated his rights and explain how each defendant is involved.

It seems that most of plaintiff's claims arise under the Eighth Amendment, which prohibits cruel and unusual punishment. Generally, to prevail on a such a claim, the plaintiff must show that (1) he is being subjected to a substantial risk of serious harm; (2) the defendant is aware of that risk; (3) the defendant has consciously disregarded the risk by failing to take reasonable measures to help the plaintiff. <u>Fisher v. Lovejoy</u>,  414 F.3d 659,

662 (7th Cir. 2005); Lewis v. Richards, 107 F.3d 549, 553 (7th Cir. 1997); Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir.1997); Langston v. Peters, 100 F.3d 1235, 1238 (7th Cir 1996). Plaintiff should include facts in his complaint addressing each of these elements with respect to each claim and each defendant that he is suing.

If plaintiff cannot allege facts satisfying this standard, he should not include the claim in his amended complaint. For example, one of the things plaintiff mentions is "cold food." Although receiving cold food may be undesirable, it does not violate the Eighth Amendment unless it presents a risk to plaintiff's health. E.g.,Brown-El v. Delo, 969 F.2d 644, 648 (8th Cir. 1992) (holding that prisoner's constitutional rights were not violated when he was served cold food); Madyun v. Thompson, 657 F.2d 868, 874-75 (7th Cir. 1981) (holding that allegation that food served to segregated prisoners was cold and not on menu served to general prison population was insufficient to state Eighth Amendment claim).

In addition to his Eighth Amendment claims, plaintiff asserts a claim that defendant Hutzler violated his rights under the Health Insurance Portability and Accountability Act. However, private parties do not have a right to file a lawsuit under that statute; it must be enforced by the Secretary of Health and Human Services. Acara v. Banks, 470 F.3d 569, 570–72 (5th Cir. 2006); see also Dodd v. Jones, 623 F.3d 563, 569 (8th Cir.2010); Seaton v. Mayberg, 610 F.3d 530, 533 (9th Cir. 2010); Wilkerson v. Shinseki, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010). Accordingly, plaintiff should not include any claims under HIPAA in

3

his amended complaint.

Finally, if plaintiff chooses to file a new complaint, he should consider Fed. R. Civ. P. 18 and 20. Under Fed. R. Civ. P. 20 a plaintiff is prohibited from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. The rule prohibits a plaintiff from joining many defendants in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); 3A Moore's Federal Practice § 20.06, at 2036-45 (2d ed. 1978).

Although Fed. R. Civ. P. 18 allows a party to join unrelated claims against defendants in a suit, this rule applies only after the requirements for joinder of parties have been satisfied under Rule 20, Intercon Research Assn., Ltd. v. Dresser Ind., Inc., 696 F.2d 53, 57 (7th Cir. 1983) (quoting 7 Charles Alan Wright et al., Federal Practice & Procedure ), which means that the core set of allowable defendants must be determined under Rule 20 before a plaintiff may join additional unrelated claims against one or more of those defendants under Rule 18. This means also that under Rule 18, a party cannot join claims involving any defendant outside the group identified under Rule 20.

It is difficult to tell from plaintiff's allegations whether all of his claims are related. If he files an amended complaint that does not comply with Rules 18 and 20, he will have

4

to decide whether to dismiss the unrelated claims or pursue them in a separate case.

ORDER

IT IS ORDERED that plaintiff Frank McGinnis's complaint is DISMISSED WITHOUT PREJUDICE to his refiling an amended complaint that complies with the Federal Rules of Civil Procedure as described in this order. Plaintiff may have until September 9, 2011, to file an amended complaint. If he does not respond by that date, the clerk of court is directed to close the case.

Entered this 26th day of August, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge